Estate of Carrie Loew Minzesheimer, Chemical Bank & Trust Company, Executor v. Commissioner.
Estate of Minzesheimer v. Commissioner
Docket No. 46448.
United States Tax Court
T.C. Memo 1954-117; 1954 Tax Ct. Memo LEXIS 137; 13 T.C.M. (CCH) 760; T.C.M. (RIA) 54222; July 30, 1954, Filed Harry L. Brown, Esq., World Center Building, Washington, D.C., for the petitioner. John James O'Toole, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $406,655.51 in estate tax. The only issue is whether transfers to ten trusts were made in contemplation of death in the sense that they were substitutes for testamentary dispositions. Findings of Fact Carrie Loew Minzesheimer, the decedent, was born on January 27, 1871 and died on October 1, 1948. Empire Corporation was a personal holding company in 1936. The decedent owned 542 143/171 shares of its stock and her two sons, Arthur and David, owned the remaining shares. It was in process of complete liquidation *138 in the latter part of 1936. The decedent created ten irrevocable trusts on December 15, 1936 for the benefit of Arthur and David and their children. She named a bank as trustee of each trust and transferred shares of Empire Corporation to each trust. The total number of shares so transferred was 192. The Commissioner, in determining the deficiency, held that the transfers to the ten trusts made on December 15, 1936 were includable in the gross estate of the decedent under section 811(c). Those transfers were not made in contemplation of death within the meaning of section 811(c)(1)(A). They were not prompted by the thought of death. They were not made as a substitute for a testamentary disposition of the property or for any other motive associated with death. They were prompted primarily by motives associated with life. All stipulated facts are incorporated herein by this reference. Opinion MURDOCK, Judge: The Commissioner claims that the transfers were made in contemplation of death within the meaning of section 811(c)(1)(A). His argument is that they were substitutes for testamentary dispositions of the property and the petitioner has not established any motive connected *139 with life. The evidence is ample to sustain the burden of proof. The Commissioner does not claim that the health of the decedent had anything to do with the transfers. Her principal purposes were to avoid income taxes on the liquidating dividends about to be paid on the shares of stock transferred, to benefit her sons, and, indirectly, to enable the sons to set up trusts for their wives and children. Any possible purpose connected with death was remote. Decision will be entered under Rule 50.